# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS

```
* * * * * * * * * * * * * * * * * * * * * * *
MONG HA VIVIAN CHEUNG,               *
                                     *    No. 19-342V
              Petitioner,            *
                                     *    Special Master Christian J. Moran
                                     *
v.                                   *
                                     *    Filed: March 30, 2023
SECRETARY OF HEALTH                  *
AND HUMAN SERVICES,                  *
                                     *
              Respondent.            *
* * * * * * * * * * * * * * * * * * * * * * *
```

Michael Firestone, Marvin Firestone and Associates, San Mateo, CA, for petitioner;
Kyle E. Pozza, United States Dep't of Justice, Washington, DC, for respondent.

### RULING FINDING ENTITLEMENT TO COMEPNSATION[1]

  Mong Ha Vivian Cheung alleges that a tetanus-diphtheria-acellular pertussis ("Tdap") vaccine harmed her shoulder.  Ms. Cheung seeks compensation by claiming either she suffered a Table injury or an off-Table injury.  Pet., filed Mar. 5, 2019, ¶ 24-25.  The evidence preponderates in favor of entitlement.

*   *   *

  Before receiving the Tdap vaccination, Ms. Cheung developed pain in her neck.  Exhibit 15 at 22-23.  The pain also traveled from her neck into her arm.  Exhibit 11 at 188-89.

  Ms. Cheung also complained of neck pain on March 7, 2016, the date she received the Tdap vaccine.  Exhibit 2 at 148-51.  Her doctor referred her to physical therapy for neck pain.  Id.

  The next day, Ms. Cheung complained about arm pain through a telephone call to her doctor's office.  Exhibit 2 at 147.  Over the next few weeks, Ms. Cheung complained via calls several times and had one appointment in the office.

---

[1] The E-Government Act, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services), requires that the Court post this ruling on its website (http://www.cofc.uscourts.gov/aggregator/sources/7).  This posting will make the ruling available to anyone with the internet.  Pursuant to Vaccine Rule 18(b), the parties have 14 days to file a motion proposing redaction of medical information or other information described in 42 U.S.C. § 300aa-12(d)(4).  Any redactions ordered by the special master will appear in the document posted on the website.

Other than establishing that Ms. Cheung's shoulder problem lasted more than six months, the remaining medical records do not affect her eligibility for compensation. See Resp't's Rep., filed Mar. 31, 2022.

\* \* \*

After Ms. Cheung submitted evidence on various dates, the parties attempted to resolve the case. Settlement efforts did not succeed. Thus, the Secretary presented his assessment of the evidence. In the Secretary's view, Ms. Cheung was not entitled to compensation. With respect to her on-Table claim, the Secretary contended that her history of neck pain that radiated into her shoulder and arm precluded a finding that she suffered a shoulder injury induced by vaccine administration ("SIRVA"). Resp't's Rep. at 7, citing 42 C.F.R. § 100.3(c)(10). With respect to her off-Table claim, the Secretary maintained that Ms. Cheung had not established causation-in-fact because she did not present an expert report. Id. at 8.

Ms. Cheung supported her claim by filing a report from Marko Bodor, a specialist in physical medicine and rehabilitation. Exhibit 37. Dr. Bodor opined that Ms. Cheung's problem in her neck (cervical spine) was separate from her problem in her shoulder that developed after vaccination. Id. at 3-4. Dr. Bodor concluded that Ms. Cheung qualified for SIRVA.

In a December 7, 2022 status conference, the Secretary was given an additional 30 days to respond, including proposing a date for any expert report. The Secretary presented his position in an Amended Report, filed on March 6, 2023, which included a summary of Dr. Bodor's opinion. There, the Secretary stated that he "maintains that petitioner has not met her burden of proof under the Vaccine Act, for the reasons set forth in his initial Rule 4(c) Report. However, in light of petitioner's expert report and the evidence filed therewith, respondent no longer wishes to defend against petitioner's entitlement claim." Id. at 8.

The parties agreed that a decision regarding entitlement should be based upon the record during a status conference held on March 23, 2023.

\* \* \*

Ms. Cheung has established that she suffered a SIRVA. In the Secretary's initial report, he challenged entitlement based upon only one of four criteria. This disputed criterion concerned the presence of pre-existing shoulder pain.

After that assessment, Ms. Cheung filed evidence that differentiated her two conditions. Exhibit 37. The Secretary has not rebutted Dr. Bodor's opinion with evidence. Thus, the evidence favoring a finding of compensation is more persuasive than the evidence against a finding of compensation. See Guidelines, Section III, Chapter 2.B. ("If . . . petitioner files an expert report prior to the Rule 4 report deadline, respondent's Rule 4 report must include at least one expert report, unless respondent does not contest entitlement").

Accordingly, Ms. Cheung is entitled to compensation.

Ms. Cheung shall file a status report regarding the resolution of damages by **Friday, May 12, 2023.**

Any questions regarding this order may be directed to my law clerk, Debbie Chu, at (202) 357-6360.

**IT IS SO ORDERED**.

s/Christian J. Moran
Christian J. Moran
Special Master