<div style="color:red; text-align:center">CORRECTED</div>

# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**

* * * * * * * * * * * * * * * * * * * *
MONG HA VIVIAN CHEUNG,             *
                                    *
                                    *   No. 19-342V
             Petitioner,            *   Special Master Christian J. Moran
                                    *
v.                                  *   Filed: July 23, 2025
                                    *
SECRETARY OF HEALTH                 *
AND HUMAN SERVICES,                 *
                                    *
             Respondent.            *
* * * * * * * * * * * * * * * * * * * *

Michael Avrim Firestone, Marvin Firestone, MD, JD and Associates, San Mateo, CA, for Petitioner;
Alexis B. Babcock, United States Dep't of Justice, Washington, DC, for Respondent.

## UNPUBLISHED DECISION AWARDING ATTORNEYS' FEES AND COSTS[1]

Pending before the Court is petitioner Mong Ha Vivian Cheung's motion for final attorneys' fees and costs. She is awarded **$91,799.25**.

\* \* \*

---

[1] Because this decision contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). This posting means the decision will be available to anyone with access to the internet. In accordance with Vaccine Rule 18(b), the parties have 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

On March 5, 2019, petitioner filed for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10 through 34, alleging that a tetanus-diphtheria-acellular pertussis ("Tdap") vaccine harmed her shoulder, causing her to suffer a shoulder injury induced by vaccine administration ("SIRVA"). On May 21, 2024, the undersigned issued a decision awarding damages. Damages Decision, 2024 WL 2959149 (May 21, 2024).

On October 16, 2024, petitioner filed a motion for attorneys' fees and costs ("Pet'r's Mot. for AFC") incurred by both Attorney Jeff Tsu and the law firm Marvin Firestone, MD, JD & Associates ("Firestone"). Fees App. at 1. Petitioner requests compensation as follows: for Mr. Tsu, a total of $56,026.18, representing $55,982.00 in attorneys' fees[2] and $44.18 in attorneys' costs; and for the Firestone firm, a total of $73,793.97, representing $67,075.38 in attorneys' fees and $6,718.59 in attorneys' costs. Pet'r's Mot. for AFC at 1-2. Petitioner warrants that she personally incurred $100.00 in costs related to the prosecution of his case. Id. at 2. Respondent stated they are "satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." Resp't's Resp., filed October 24, 2024. However, respondent uncharacteristically challenged petitioner's expert fees for an independent medical examination ("IME") and petitioner's lack of supporting documentation for a forensic economist. Id. at 3, n. 2, 3. Nevertheless, respondent maintained his deference to the undersigned's assessment. Id. at 5. Thereafter, petitioner filed a reply ("Pet'r's Reply") addressing the specific points raised in respondent's response and filed supporting documentation ("Pet'r's Supp."), including the forensic economist's *curriculum vitae* and invoice ("Pet'r's 2d. Supp.").

\*   \*   \*

Because petitioner received compensation, she is entitled to an award of reasonable attorneys' fees and costs. 42 U.S.C. § 300aa–15(e). Thus, the question at bar is whether the requested amount is reasonable.

The Vaccine Act permits an award of reasonable attorney's fees and costs. §15(e). The Federal Circuit has approved the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. This is a two-step process. Avera v. Sec'y of Health & Human Servs., 515 F.3d 1343, 1348 (Fed.

---

[2] In the fee motion, petitioner requests a total of $55,942.00 in attorneys' fees. Pet'r's Mot. for AFC at 1, 62. However, when calculated, petitioner's attorneys' fees for Mr. Tsu total $55,982.00. See id. at 62.

2

Cir. 2008).  First, a court determines an "initial estimate … by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'"  Id. at 1347-48 (quoting Blum v. Stenson, 465 U.S. 886, 888 (1984)).  Second, the court may make an upward or downward departure from the initial calculation of the fee award based on specific findings.  Id. at 1348.  Here, because the lodestar process yields a reasonable result, no additional adjustments are required.  Instead, the analysis focuses on the elements of the lodestar formula, a reasonable hourly rate and a reasonable number of hours.

   I.   Attorneys' Fees

Under the Vaccine Act, special masters, in general, should use the forum (District of Columbia) rate in the lodestar calculation.  Avera, 515 F.3d at 1349.  There is, however, an exception (the so-called Davis County exception) to this general rule when the bulk of the work is done outside the District of Columbia and the attorneys' rates are substantially lower.  Id. 1349 (citing Davis Cty. Solid Waste Mgmt. and Energy Recovery Special Serv. Dist. v. U.S. Envtl. Prot. Agency, 169 F.3d 755, 758 (D.C. Cir. 1999)). In this case, all the attorneys' work was done outside of the District of Columbia.

The second factor in the lodestar formula is a reasonable number of hours.  Reasonable hours are not excessive, redundant, or otherwise unnecessary. See Saxton v. Sec'y of Health & Human Servs., 3 F.3d 1517, 1521 (Fed. Cir. 1993).  The Secretary also did not directly challenge any of the requested hours as unreasonable.

   A. Marvin Firestone, MD, JD & Associates

      1. Reasonable Hourly Rates

Petitioner requests the following hourly rates for the work of her counsel: for Mr. Michael Firestone: $300.10 per hour for work performed in 2019, $311.20 per hour for work performed in 2020, $365.00 per hour for work performed in 2021, $381.43 per hour for work performed in 2022, $425.00 per hour for work performed in 2023, and 446.25 per hour for work performed in 2024; for Ms. Meghan Shiner, J.D., $185.00 per hour for work performed in 2021; for Mr. John Bellanca, $180.00 per hour for work performed in 2022 and 2023; for Dr. Andrew Dibbern, J.D., $261.00 per hour for work performed in 2022; for Mr. Jeff Lewis, J.D., $285.00 per hour for work performed in 2023, and $300.00 per hour for work performed in 2024; for Mr. Patrick Barrick, $225.00 per hour for work performed

from 2019-2024, and for Ms. Jody Chan, $150.00 per hour for work performed from 2019-2021. These rates are consistent with what these attorneys and staff have previously been awarded for their Vaccine Program work and they are reasonable herein. See, e.g., Ramos on behalf of T.R. v. Sec'y of Health & Human Servs., No. 20-583V, 2024 WL 5297984, at *2-3 (Fed. Cl. Spec. Mstr. Dec. 12, 2024); Yu v. Sec'y of Health & Human Servs., No. 21-2026V, 2024 WL 4432790, at *3-4 (Fed. Cl. Spec. Mstr. Aug. 21, 2024); Gudaitis v. Sec'y of Health & Human Servs., No. 17-1570V, 2023 WL 4638430, at *2 (Fed. Cl. Spec. Mstr. June 29, 2023); Caredio v. Sec'y of Health & Human Servs., No. 17-0079V, 2022 WL 1532309, at *3 (Fed. Cl. Spec. Mstr. Apr. 19, 2022); Phillips v. Sec'y of Health & Human Servs., No. 16-906V, 2021 WL 2768362, at *2 (Fed. Cl. Spec. Mstr. May 26, 2021. Additionally, Dr. Dibbern requests an increased hourly rate of $275.00 for 2023. The undersigned finds this increase reasonable and will award the requested rate for Dr. Dibbern.

       2. <u>Reasonable Number of Hours</u>

The undersigned has reviewed the submitted billing entries and finds the request to be reasonable. The billing entries contain sufficient detail to permit the undersigned to assess their reasonableness, and upon review none appear to be objectionable. Respondent also has not indicated that he finds any of the billing entries to be objectionable.

Therefore, petitioner is awarded final attorneys' fees in the amount of $67,075.38.

      B.    <u>Attorney Jeffery Tsu</u>

       1. <u>Reasonable Hourly Rates</u>

Petitioner requests compensation for attorney Jeffery Tsu at the following rates: $430.00 per hour for work performed in 2016; $440.00 per hour for work performed in 2017; $455.00 per hour for work performed in 2018; $464.00 per hour for work performed in 2019, $484.00 per hour for work performed in 2020, $509.00 per hour for work performed in 2021, $525.00 per hour for work performed in 2022, $553.00 per hour for work performed in 2023, and $584.00 per hour for work performed in 2024. Pet'r's Mot. for AFC at 62. These rates require adjustment.

In her motion, petitioner states that "Attorney Tsu, fluent in Cantonese, was initially retained by Ms. Cheung to assist with her vaccine injury claim due to their

4

shared native language. Subsequently, Attorney Tsu requested Attorney Michael Firestone, of Marvin Firestone, MD, JD & Associates, LLP, to serve as co-counsel and lead counsel of record in the U.S. Court of Federal Claims." Pet'r's Mot. for AFC at 1.  This appears to be Mr. Tsu's first case in the Vaccine Program and his hourly rates have not been addressed in any prior Vaccine Program fees decisions. According to his affidavit, Mr. Tsu has been licensed to practice law in the state of California since 1988. Motion, Ex. 1 at 3. While Mr. Tsu had between 28-36 years of experience from 2016-2024, there is no indication that he was, or currently is admitted to the bar of the United States Court of Federal Claims ("USCFC").

In order to be eligible to practice in the Vaccine Program, an attorney must be admitted to practice in the USCFC. Underwood v. Sec'y of Health & Hum. Servs., No. 00–357V, 2013 WL 3157525, at *4 (Fed. Cl. Spec. Mstr. May 31, 2013); see Vaccine Rule 14(a)(1). In circumstances where counsel is not a member of the USCFC bar, special masters have typically compensated counsel at paralegal/ clerical rates. See, e.g., Kafer v. Sec'y of Health & Hum. Servs., No. 23-905V, 2025 WL 1443498, at *2 (Fed. Cl. Spec. Mstr. Apr. 14, 2025); Hasanovic v. Sec'y of Health & Hum. Servs., No. 21-1828V, 2025 WL 1453776, at *2 (Fed. Cl. Spec. Mstr. Mar. 13, 2025); Byrd v. Sec'y of Health & Hum. Servs., No. 20-1476V, 2023 WL 8948076, at *4 (Fed. Cl. Spec. Mstr. Sept. 8, 2023); Schmidt v. Sec'y of Health & Hum. Servs., No. 17-0913V, 2020 WL 1528428, at *2 (Fed. Cl. Spec. Mstr. Feb. 25, 2020). Because Mr. Tsu was not admitted to practice before the USCFC bar and served primarily in a support capacity—seemingly functioning as an interpreter and not necessarily performing work that required legal training—he will be compensated at a reduced paralegal rate commensurate with the nature of the work performed.[3] See Elmakky v. Sec'y of Health & Hum. Servs., No. 17-2032V, 2024 WL 3160506, at *4 (Fed. Cl. Spec. Mstr. May 22, 2024) (finding that

---

[3] The undersigned notes that even if Mr. Tsu had been barred before the USCFC, the rates he billed, based on the OSM Forum Hourly Rate Fee Schedule ("Fee Schedule"), for most years exceeded or was at the very top of the range for attorneys within his respective range of experience. Fee Schedules, https://www.uscfc.uscourts.gov/osm-attorneys-forum-hourly-rate-fee-schedules (last visited July 17, 2025). For example, in 2016, Mr. Tsu had 28 years of experience as a licensed attorney and requested a rate of $430 per hour. The 2016 Fee Schedule provides that an attorney with 20-30 years of experience can be awarded a rate of $350-$415 per hour. Moreover, in 2024, Mr. Tsu had 36 years of experience and requested a rate of $584 per hour. The 2024 Fee Schedule provides that an attorney with 31+ years of experience can be awarded a rate of $523-$584. Thus, even if Mr. Tsu had been barred before the USCFC, his requested rates did not account for his lack of *Vaccine Program* experience or his experience within each respective range.

the translator's proposed hourly rate of $80.00 per hour was appropriate given his expertise).

The record reflects that Mr. Tsu's tasks largely consisted of emailing, attending meetings, or having phone conversations with Ms. Cheung or Mr. Firestone, and preparing and sending records to Mr. Firestone. See Pet'r's Mot. for AFC at 63-68. Accordingly, Mr. Tsu will be awarded the following rates: $137.00 per hour for work performed in 2016; $140.00 per hour for work performed in 2017; $145.00 per hour for work performed in 2018; $150.00 per hour for work performed in 2019, $155.00 per hour for work performed in 2020, $165.00 per hour for work performed in 2021, $170.00 per hour for work performed in 2022, $176.00 per hour for work performed in 2023, and $187.00 per hour for work performed in 2024.[4] This results in a reduction of **$38,402.00**.

2. Reasonable Number of Hours

The undersigned has reviewed the submitted billing entries and finds the request to be reasonable. The billing entries contain sufficient detail to permit the undersigned to assess their reasonableness, and upon review none appear to be objectionable. Respondent also has not indicated that he finds any of the billing entries to be objectionable.

Therefore, petitioner is awarded final attorneys' fees in the amount of $17,961.10.

II.   Costs Incurred

Like attorneys' fees, a request for reimbursement of costs must be reasonable. Perreira v. Sec'y of Health & Human Servs., 27 Fed. Cl. 29, 34 (Fed. Cl. 1992), aff'd, 33 F.3d 1375 (Fed. Cir. 1994).

A.   Marvin Firestone, MD, JD & Associates

Petitioner requests a total of $6,718.59 in attorneys' costs. Pet'r's Mot. for AFC at 22. This amount is comprised of the acquisition of medical records,

---

[4] This amount is calculated as ($430 - $137) x 6.8 hrs. + ($440 - $140) x 6.4 hrs. + ($455 - $145) x 1.9 hrs. + ($464 - $150) x 21.6 hrs. + ($484 - $155) x 22.7 hrs. + ($509 - $165) x 13.7 hrs. + ($525 - $170) x 7.1 hrs. + ($553 - $176) x 23.5 hrs. + ($584 - $187) x 8.0 hrs. = $43,402.00.

copying/printing and postage fees, the Court's filing fee, accessing court records, a forensic economist, and expert services provided by Marko Bodor, MD. Id.

Petitioner requests $5,250.00 for Dr. Bodor's expert services. Pet'r's Mot. for AFC at 24. In his response, respondent asserts that "Petitioner did not seek, nor was she granted, leave of court to obtain an IME" which was performed by Dr. Bodor on September 11, 2023. Resp't's Resp. at 3, n. 2. On July 6, 2022, after this case was transferred out the Special Processing Unit, petitioner was ordered to file an expert report with instructions stating, "petitioner has an opportunity to obtain a report from a retained expert." ECF Nos. 53-54. Accordingly, the undersigned finds that petitioner's request for reimbursement of Dr. Bodor's fees is reasonable.

Dr. Bodor billed at a rate of $525.00 per hour for 10 hours for expert services he provided in 2022 and 2023. The undersigned makes no finding as to the reasonableness of Dr. Bodor's hourly rate; however, the total number of hours billed are reasonable and the total amount requested is reasonable for the work he performed in this case.

Petitioner also requests $1,000.00 for services provided by a forensic economist. Initially, petitioner only provided a copy of a PayPal receipt for $1,000.00 Mr. Firestone paid to Forensic Economic Services LLC on July 27, 2023. Pet'r's Mot. for AFC at 28. Respondent noted that "Petitioner has not provided the name or any other information about this forensic economist, nor any itemized invoice detailing the services provided." Resp't's Resp. at 3, n. 3. In her reply, petitioner explained that she retained a forensic economist "to confirm the Special Master's assumptions for an interest rate to use to calculate NPV was reasonable." Pet'r's Supp. at 3. Petitioner further explained that the omission of the forensic economist's, Roman Garagulagian, Ph.D., invoice was an oversight and submitted his detailed invoice along with his *curriculum vitae*. Id. Based on petitioner's supplementation of the record, the undersigned finds that petitioner's request for reimbursement of Dr. Garagulagian's fees is reasonable.

Dr. Garagulagian billed at a rate of $400.00 per hour for 2.5 hours for forensic economist services he provided in 2023. Pet'r's 2d. Supp. at 9. This appears to be Dr. Garagulagian's first case in the Vaccine Program; however, his requested rate is consistent with what other economists have been previously awarded, and the total amount requested is reasonable for the work he performed in this case. See, e.g., Hoffman v. Sec'y of Health & Human Servs., No. 17-1341V, 2024 WL 4930634, at *3 (Fed. Cl. Spec. Mstr. Nov. 6, 2024) (awarding the economist a rate of $400.00 per hour); Hatfield v. Sec'y of Health & Human

7

Servs., No. 19-467V, 2024 WL 4043853, at *3 (Fed. Cl. Spec. Mstr. May 14, 2024) (awarding the economist a rate of $400.00 per hour); Jimenez v. Sec'y of Health & Human Servs., No. 17-1190V, 2023 WL 3712348, at *4 (Fed. Cl. Spec. Mstr. May 30, 2023) (finding that the $1,000.00 retainer fee for the economist was a reasonable cost). Accordingly, this cost shall be fully reimbursed.

Petitioner has provided adequate documentation supporting the remainder of the requested costs, and Respondent has not identified any other costs as objectionable. I find these costs to be reasonable and shall fully reimburse them.

Petitioner is therefore awarded $6,718.59.

### B.  Attorney Jeffery Tsu

Petitioner requests a total of $44.18 in attorneys' costs for acquiring medical records. Pet'r's Mot. for AFC at 2, 69-70. Petitioner has provided adequate documentation of these costs, and they will be awarded in full.

### C.  Petitioner's Personal Costs

Finally, petitioner requests reimbursement for personal costs she incurred in prosecuting this case in the amount of $100.00 for "miscellaneous postage, medical retrieval fees and copying charges for sending medical records to attorney." Pet'r's Mot. for AFC at 71. Petitioner did not file any receipts, invoices, proof of payment or any other documentation supporting these costs. Before reimbursement of costs will be made, sufficient supporting documentation, such as invoices, receipts, and billing statements, must be provided. See Guidelines for Practice Under the National Vaccine Injury Compensation Program at 75-78.[5] See Castelein v. Sec'y of Health & Human Servs., No. 22-312V, 2025 WL 1879530, at *2 (Fed. Cl. Spec. Mstr. July 8, 2025) (affirmed the Special Master's decision, which found that petitioner failed to present documentation sufficiently evidencing the claimed expenses were in fact incurred (e.g., invoices, receipts)). Accordingly, without any supporting documentation, the undersigned will not reimburse petitioner's requested personal costs.

---

[5] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.

III.  Conclusion

The Vaccine Act permits an award of reasonable attorney's fees and costs. 42 U.S.C. § 300aa-15(e). Accordingly, the undersigned awards as follows:

1. A lump sum in the amount of **$73,793.97** (representing $67,075.38 in attorneys' fees and $6,718.59 in attorneys' costs) to be paid through an ACH deposit to petitioner's counsel's (Mr. Michael Firestone) IOLTA account for prompt disbursement.

2. A lump sum in the amount of **$18,005.28** (representing $17,961.10 in attorneys' fees and $44.18 in attorneys' costs) to be paid through an ACH deposit to petitioner's counsel's (Mr. Jeffery Tsu) IOLTA account for prompt disbursement.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[6]

**IT IS SO ORDERED**.

s/Christian J. Moran
Christian J. Moran
Special Master

---

[6] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.